J-S54002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRENDAN PATRICK YOUNG | : | No. 2088 MDA 2018 |

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000784-2018,
CP-14-CR-0001389-2017, CP-14-CR-0001540-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 02, 2020**

The Commonwealth of Pennsylvania appeals from the November 14, 2018 order suppressing cell phone evidence at three docket numbers.  After careful review, we are compelled to quash the appeal pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341(a).

Briefly, the facts underlying this appeal are as follows.  Brendan Patrick Young was charged in three separate criminal informations with multiple counts of recklessly endangering another person ("REAP"), hazing, alcohol-related violations, and conspiracy, arising out of the February 2, 2017 death of Timothy J. Piazza at the Beta Theta Pi fraternity at the Pennsylvania State

University.[1]  Young filed an omnibus pre-trial motion bearing all three docket numbers assigned to the cases against him, which included a motion to suppress cell phone evidence based upon the Fourth Amendment to the United States Constitution and Article I § 8 of the Pennsylvania Constitution. Following a hearing, the trial court concluded that the search warrant was overbroad, and suppressed the evidence by order of November 21, 2018. Reconsideration was denied on December 3, 2018.

The trial court's November 21, 2018 order granting suppression contained all three docket numbers assigned to the cases against Young.  The Commonwealth filed a single timely notice of appeal from the November 21, 2018 order granting the suppression motion, upon which it listed three docket numbers.  After the Commonwealth complied with the trial court's Pa.R.A.P. 1925(b) order, the trial court issued its Rule 1925(a) opinion.

On February 28, 2019, this Court issued a *per curiam* order directing the Commonwealth to show cause why the appeal should not be quashed in light of Pa.R.A.P. 341, as interpreted in **Walker**, holding that when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed."  *Per*

---

[1]  By order dated October 25, 2018, the three dockets involving Young were consolidated for trial with the three dockets involving Daniel Casey, and severed from dockets involving four other defendants.  The Commonwealth has also appealed the order granting suppression with regard to Casey, and that appeal is before this panel at No. 2089 MDA 2018.  Both Commonwealth appeals involve the identical **Walker** issue and underlying suppression issue.

- 2 -

*Curiam* Order, 2/28/19, at 1. The Commonwealth filed a timely response, and we discharged the rule to show cause. The issue was referred to the merits panel for disposition. ***See*** *Per Curiam* Order, 4/1/19, at 1.

By order dated October 8, 2019, this Court stayed the instant appeal pending *en banc* consideration of ***Commonwealth v. Jerome Johnson***, ___A.3d ___, 2020 PA Super 164 (Pa.Super. July 9, 2020) (*en banc*), addressing the issue of whether the inclusion of multiple docket numbers on separate notices of appeal mandated quashal under ***Walker***, as construed in ***Commonwealth v. Creese***, 216 A.3d 1142 (Pa.Super. 2019).[2] The matter is ripe for our review.

> The Commonwealth presents one issue for our consideration:
>
> Whether the lower court's grant of suppression was in error where the court (1) failed to determine that the specific grounds on which relief was granted was waived, (2) failed to find that evidence derived from text message conversations is not suppressible against the parties to the conversation[,] and (3) granted suppression based on facts not supported by the record and by improperly applying the law to the facts?.

Commonwealth's brief at 4 (unnecessary capitalization omitted).

---

[2] In ***Commonwealth v. Jerome Johnson***, ___A.3d___, 2020 PA Super 164 (Pa.Super. July 9, 2020) (*en banc*) (overruling in part ***Commonwealth v. Creese***, 216 A.3d 1142 (Pa.Super. 2019)), this Court held that including multiple docket numbers on separately filed notices of appeal was not grounds for quashal under ***Walker***. Herein, since the Commonwealth filed one notice of appeal from an order entered at three docket numbers, ***Johnson*** does implicate our review.

Before we may address the merits of the suppression issue, we must first determine whether the Commonwealth filed separate notices of appeal at each docket number in conformity with **Walker**, or advanced reasons excusing its failure to do so. At each of the three docket numbers, the certified record contains a notice of appeal bearing all three docket numbers, suggesting that separate notices of appeal were filed at each docket number. However, closer examination revealed that the notices of appeal at Nos. CP-14-CR-0001389-2017 and CP-14-CR-0001540-2018 are photocopies of one original notice of appeal filed at No. CP-14-CR-0000784-2018.[3] This is consistent with the Commonwealth's candid admission in its response to the rule to show cause that it styled the notice of appeal as a single document referencing the three docket numbers at which it sought to appeal.[4] **See**

_____

[3] The procedure herein appears to mirror that in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa.Super. 2019), where the filing clerk accepted one notice of appeal for multiple dockets, time-stamped and photocopied it, and filed a copy in each of the related dockets. The time stamp on the photocopies is located in the same place and reflects the identical time of filing as the original notice. **Cf. Commonwealth v. Rebecca Johnson**, ___A.3d___, 2020 PA Super 173 (Pa.Super. July 23, 2020) (*en banc*) (crediting the appellant's representation that, although the notices of appeal contained all three docket numbers, she filed a separate notice of appeal at each docket number because the time stamp on each notice was in a different location and the time of filing was unique on two of the three notices). Herein, the copies contain yellow highlighting specifying in which docket they were filed. Similar highlighting appears on other copies contained in the certified records of those docket numbers. It also appears that one fee was paid for the appeal involving three docket numbers.

[4] This Court appreciates the Commonwealth's candor as it removes any uncertainty surrounding the origin of the copies.

- 4 -

Commonwealth's Response to Directive to Show Cause Why the Appeal Should Not be Quashed, 3/4/19, at 4.

The Commonwealth argues, however, that Pa.R.A.P. 341(a) did not apply on the facts herein as there is "only one **docket**, even though the trial court assigned different docket **numbers**." *Id*. at 5 (emphasis in original). The Commonwealth points out that the single notice of appeal contained all three docket numbers and "encompassed the same order, for the same case, for the same defendant, and for the same issue under the same facts." *Id*. at 4. It maintains that *Walker* is distinguishable as it involved one notice of appeal from a single order that was filed in four cases with four different defendants. In addition, the Commonwealth asserts that, in this instance, "[t]he charges under the three docket numbers have been treated identically as the single case they represented throughout all proceedings in the lower court." *Id*. at 4.

In sum, the Commonwealth maintains "*Walker* used the word 'docket' to mean 'record of an individual case,' not 'docket number.'" *Id*. at 6. Requiring a separate notice of appeal at each docket number, the Commonwealth contends, would "go a step beyond the holding in *Walker* and elevate form over substance" in contravention of Pa.R.A.P. 105(a) (providing that the rules are to be liberally construed to effectuate their purpose). *Id*. at 6. Moreover, the Commonwealth notes that Young did not raise an objection, and asks, if necessary, that it be permitted to rectify its error by

filing notices of appeal at each docket number to correct what it characterizes as a "formatting error." *Id*. at 7.

In *Walker*, our Supreme Court adopted the bright-line rule in the Official Note to Rule 341 mandating that practitioners file separate notices of appeal in all future cases "when a single order resolves issues arising on more than one lower court docket." *Id*. at 470. Failure to comply "will result in quashal of the appeal."[5] *Id*.

We are unpersuaded by the Commonwealth's attempt to distinguish a "docket" from a "docket number" for purposes of *Walker*. The *Walker* Court made no such distinction. *See Walker*, *supra* at 464 (defining the situation before it as "a single notice of appeal . . . filed in response to a single order that decides four motions to suppress in four cases with four different docket numbers"). Furthermore, post-*Walker* decisions do not limit its application to cases involving multiple defendants. Moreover, the cases filed against Young at three docket numbers herein were not treated as a single case; each remained distinct throughout proceedings in the trial court. Before the court severed the cases involving Young and Casey, the trial court expressly mandated that every document involving any of the defendants be filed at

---

[5] The *Walker* Court applied its holding prospectively to appeals filed after June 1, 2018.

each docket number.[6]  *See* Order, 10/18/18, at 5 (listing Young's individual docket numbers, together with those of other defendants consolidated for trial, and directing "[a]ll filings to any of the above listed dockets shall be filed to each and every docket listed above").

The order in question here resolved suppression issues "arising on more than one docket."  The fact that Young is the same defendant at three docket numbers and the suppression issue at each number is identical does not obviate the requirement that a party file a separate notice of appeal at each docket number.  As our High Court reasoned in *Walker*, by filing a single notice of appeal from an order arising on more than one docket, "the Commonwealth effectively, and improperly, consolidated the appeals in the [a]ppellees' four cases for argument and joint resolution, without either the approval of the Superior Court or the agreement of the [a]ppellees."  *Id*.  The

_____

[6] Such was not the case in *Always Busy Consulting, LLC v. Babford & Co.*, 221 A.3d 1235 (Pa.Super. 2019) (non-precedential opinion), *allocatur granted* 2020 Pa. LEXIS 3037, *1.  In that case, the trial court ordered the consolidation of two dockets and designated docket No. GD-18-5205 as the lead docket for filing purposes. Following judgment, the appellant filed several notices of appeal at the lead docket listing both docket numbers.  Despite the nature of the consolidation, this Court quashed the appeal as violative of *Walker*.  The Supreme Court granted allowance of appeal on the issue: "Did the Superior Court err in quashing Petitioner's appeal pursuant to *Commonwealth v. Walker*, 646 Pa. 456, 185 A.3d 969 (Pa. 2018), on the basis that Petitioner failed to file a notice of appeal at a separate docket number in a consolidated case, when Petitioner filed separate notices of appeal at the consolidated docket number, as directed and required by the trial court?"  That appeal is currently pending.

*Walker* Court relied upon Rule 513, which, by its terms, provides that consolidation is a determination for "the appellate court, at its discretion," absent a stipulation by all parties to the several appeals. Pa.R.A.P. 513.[7]

Here, as in *Walker*, by filing only one notice of appeal bearing three docket numbers at one docket number, the Commonwealth effectively and improperly consolidated three appeals for joint resolution without this Court's approval or Young's agreement. Additionally, the Commonwealth fails to articulate how amendment can remedy its failure to timely file separate notices of appeal at the other two docket numbers at issue. Accordingly, we are constrained to find that the Commonwealth's failure to file a separate notice of appeal at each of the three docket numbers at issue violates *Walker* and Rule 341, and is fatal to this appeal.

Appeal quashed. Jurisdiction relinquished.

_____

[7] Rule 513, titled "Consolidation of Multiple Appeals" provides:

> Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal. Appeals may be consolidated by stipulation of the parties to the several appeals.

Pa.R.A.P. 513.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/02/2020